IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

TIMOTHY S. RYAN,

    Plaintiff,

v.                                       Civil Action No. 5:09CV55
                                                    (STAMP)
MICHAEL ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
DECLINING TO AFFIRM AND ADOPT REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE IN ITS ENTIRETY;
GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT;
AND DENYING THE PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I.   Background

The plaintiff, Timothy S. Ryan, filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. In the application, the plaintiff alleges disability since September 1, 2004 because of low back pain, artery problems, and depression.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on May 8, 2007, before Administrative Law Judge ("ALJ") George Mills, III. The plaintiff, represented by counsel, testified on his own behalf, as did Vocational Expert ("VE") James Ganoe. On September 12, 2007, the ALJ issued a decision finding that the plaintiff had the following severe impairments: lumbar spine problems with chronic low back pain and degenerative disc disease; mild carpal tunnel syndrome;

keratosis of the scalp; depression disorder; pain disorder; disorder of written expression; borderline intellectual functioning; and a history of substance use disorder based on abuse of prescription pain medication.  The ALJ found that none of the impairments or combinations of impairments met the criteria for the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ determined that the plaintiff was not "disabled" within the meaning of the Act and therefore not entitled to DIB.  While the ALJ found that the plaintiff is unable to perform any past relevant work, he found that the plaintiff retains the residual functional capacity to perform the exertional demands of light work, or work which requires maximum lifting of twenty pounds and frequent lifting ten pounds; some light jobs are performed while standing, and those performed in the seated position often require the worker to operate hand or leg controls.  In addition, the ALJ found that the plaintiff has some exertional and non-exertional limitations. The Appeals Council denied the plaintiff's request for review, thus making the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

 The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).  Both the plaintiff and the defendant filed motions

for summary judgment.  On January 14, 2011, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for summary judgment be denied in part, that the plaintiff's motion for summary judgment be granted in part, by reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) and 1383(c)(3), with a remand of the cause to the Commissioner for further proceedings.  Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report.  The defendant filed timely objections.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous."  See Webb v. Califano, 458 F. Supp. 825 (E.D. Cal. 1979).  Because the defendant filed objections, this Court will undertake a de novo review as to those portions of the report and recommendation to which objections were made.

## III. Discussion

In his motion for summary judgment the plaintiff contends that the final decision of the Commissioner is not supported by substantial evidence. Specifically, the plaintiff argues that the ALJ erred because he: (1) failed to support his credibility determination with substantial evidence; and (2) failed to give proper weight to the plaintiff's treating physicians' opinions. The Commissioner contends: (1) the ALJ correctly determined that the plaintiff overstated the limiting effects of his symptoms and (2) the ALJ properly gave no significant weight to the plaintiff's treating physicians' opinions of disability.

Magistrate Judge Kaull issued a report and recommendation, in which he held that: (1) the ALJ's determination as to plaintiff's credibility is not supported by substantial evidence because the ALJ did not satisfactorily analyze the seven factors in his determination of the plaintiff's credibility and (2) the ALJ did not err in the weight he assigned to the opinions of the plaintiff's treating physicians and his opinion as to the treating physicians is supported by substantial evidence. Accordingly, based upon these findings, the magistrate judge held that the civil action should be remanded to the Commissioner.

The defendant thereafter filed objections to the magistrate judge's report and recommendation arguing that the ALJ "not satisfactorily" analyzing the seven factors is an insufficient basis for remand. The defendant believes the report and

recommendation's "satisfaction" with the ALJ's credibility analysis is irrelevant to whether that analysis is supported by substantial evidence. The defendant states that the report and recommendation affords no deference to the ALJ's credibility findings. Finally, the defendant argues that the ALJ did consider the factors in 20 C.F.R. § 404.1529(c)(3).

An ALJ's credibility analysis is a two-step process:

> First, the adjudicator must consider whether there is an underlying medically determinable physical or mental impairment(s) . . . that could reasonably be expected to produce the individual's pain or other symptoms. . . .
>
> Second, . . . the adjudicator must evaluate the intensity, persistence, and limiting effects of the individual's ability to do basic work activities.

SSR 96-7p.

In addressing the second step, an ALJ should consider the following seven factors:

> 1. The individual's daily activities;
>
> 2. The location, duration, frequency, and intensity of the individual's pain or other symptoms;
>
> 3. Factors that precipitate and aggravate the symptoms;
>
> 4. The type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms;
>
> 5. Treatment, other than medication, the individual receives or has received for relief of pain or other symptoms;
>
> 6. Any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on his or her back, standing for 15 or 20 minutes every hour, or sleeping on a board); and

5

> 7. Any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms.

SSR 96-7p.

The ALJ properly evaluated the plaintiff's credibility under this two prong standard. As stated above, the ALJ found that the plaintiff did suffer from severe impairments. Because of this finding, the ALJ could move to the second step.

At step two, the magistrate judge found that the ALJ did not comply with 20 C.F.R. § 404.1529(c) because he "did not satisfactorily analyze those seven factors in his determination of the plaintiff's credibility." As to the first factor, the magistrate judge found that, while the ALJ did refer to the plaintiff's activities of daily living in his analysis, he did not evaluate the plaintiff's activities based on the evidence contained in the record. The magistrate judge next found that the ALJ failed to analyze or discuss the location, duration, frequency, and intensity of the plaintiff's pain or other symptoms. Next, the magistrate judge stated that the ALJ did not address the factors that precipitated and aggravated the symptoms of which the plaintiff complained relative to the evidence. The magistrate judge then stated that the ALJ did not consider the type, dose, effectiveness and/or side effects of the medication the plaintiff took to alleviate his symptoms in making his credibility determination. The magistrate judge concluded that, for the above

reasons, the ALJ's determination as to the plaintiff's credibility is not supported by substantial evidence.

This Court cannot agree with the magistrate judge's report and recommendation. An ALJ's credibility determinations are "virtually unreviewable" by this Court. Darvishian v. Geren, 2010 WL 5129870, *9 (4th Cir. Dec. 14, 2010) (citing Bieber v. Dept. of the Army, 287 F.3d 1358, 1364 (Fed. Cir. 2002)). An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)). Finally, this Court notes that an ALJ "is not required 'to use particular format in conducting his analysis,' but the decision must demonstrate 'that there is sufficient development of the record and explanation of findings to permit meaningful review.'" Moore v. Astrue, 2010 WL 3394657, *6 n.12 (E.D. Va. July 27, 2010) (quoting Jones v. Barnhart, 364 F.3d 501, 505 (3d Cir. 2004)).

This Court finds that at step two, the ALJ considered the factors in 20 C.F.R. § 404.1529(c)(3). The magistrate judge stated that the ALJ did not evaluate the plaintiff's activities based on the evidence contained in the record. On page 24 of the record, the ALJ stated that the plaintiff indicated "that he is able to care for his daily needs, including preparing complete meals, shopping for food, and doing light cleaning, not only for himself, but also while caring for his son." On page 26 of the record, the ALJ cites to Exhibits 3E and 37F when describing the plaintiff's daily activities and concluding that if the plaintiff were "truly disabled, or limited, to the degree alleged, he likely could not perform the level of activities that he described." This Court agrees with the defendant that the ALJ did base his evaluation of the plaintiff's daily activities on the record and finds that the ALJ considered the plaintiff's daily activities.

The magistrate judge also states that the ALJ failed to analyze or discuss the location, duration, frequency, and intensity of the claimant's pain or other symptoms. In his opinion, the ALJ did discuss this second factor. As mentioned above, there is no format that an ALJ must follow in writing his opinion as long as the opinion demonstrates "sufficient development of the record and explanation of findings to permit meaningful review." Moore, 2010 WL 3394657 at *6 n.12. In finding of fact number 3 on page 21 of the record, the ALJ found that plaintiff had several severe impairments. The ALJ also found: that the plaintiff complained of

8

ongoing pain in his back, hips, and down his right leg during his examination on October 18, 2004 (Tr. 22); that the plaintiff had lumbar facet joint pain generators underlying muscles spasms in his back (Tr. 22); that Dr. Poonai and Dr. Santiago did not indicate that the plaintiff reported significant limitations or pain, or had limitations which would significantly limit his ability to do work-related physical activities (Tr. 22); that the plaintiff was diagnosed with simple chest pain (Tr. 22); that the plaintiff was diagnosed with pain from the right L4-5 facet joint and the right L5-S1 facet joint (Tr. 22); and that the plaintiff reported that he continued to have right leg pain (Tr. 23). Accordingly, this Court finds that the ALJ did consider the location, duration, frequency, and intensity of the plaintiff's pain or other symptoms.

The report and recommendation states that the ALJ did not consider factors that precipitated and aggravated the symptoms of which the plaintiff complained relative to the evidence. This Court finds that the ALJ did address these factors. On page 22, the ALJ states that the plaintiff was encouraged to stop smoking. On page 26 of the record, the ALJ again states that the plaintiff has a history of smoking cigarettes. Furthermore, in stating the plaintiff's residual functional capacity, the ALJ acknowledged that excessive exertional, postural, and environmental conditions aggravated the plaintiff's symptoms by limiting the plaintiff to certain working conditions. The magistrate judge stated that the residual functional capacity limited the plaintiff's exposure to

9

extreme temperatures, but that the ALJ did not evaluate the factor as required by the regulation. This Court does not agree. The ALJ expressly stated that the plaintiff "must avoid working . . . in areas of temperature extremes" (Tr. 25). This Court finds that the ALJ did consider factors that precipitate and aggravate the symptoms.

The magistrate judge next finds that the ALJ did not consider the type, dose, effectiveness, and/or side effects of the medication the plaintiff took to alleviate his symptoms in making his credibility determination. As stated above, substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In this case, the ALJ found the plaintiff's history of substance abuse disorder based on abuse of prescription pain medication to be a severe impairment (Tr. 21). The ALJ also stated that the plaintiff's medications were generally therapeutic (Tr. 23). While there is additional evidence in the record, the magistrate judge's finding that the ALJ did not consider this factor is inaccurate. Accordingly, this Court finds that the ALJ did consider this factor in reaching his credibility determination.

The magistrate judge also states that the ALJ did not consider that the plaintiff treated his alleged symptoms caused by mild carpal tunnel syndrome by wearing braces on both hands/wrists. This Court observes that the ALJ found the plaintiff's mild carpal

10

tunnel syndrome to be a severe impairment (Tr. 21) and that the ALJ stated that Dr. Santiago's opinions from Exhibit 21F contradicted the plaintiff's allegations of the severity of the plaintiff's carpel tunnel (Tr. 26). The magistrate judge also states that while the ALJ noted that the plaintiff participated in physical therapy, the ALJ did not analyze it in his determination of the plaintiff's credibility. This Court disagrees.

This Court has reviewed the record, as well as the parties' motions for summary judgment, and after a de novo review, this Court finds that substantial evidence supports the ALJ's credibility determination. Accordingly, this Court declines to adopt and affirm the magistrate judge's report and recommendation in its entirety.

No party filed objections to the portion of the magistrate judge's report and recommendation regarding the weight given to the plaintiff's treating physicians. Accordingly, this Court reviews that portion of the report and recommendation for clear error. This Court agrees with the magistrate judge that the ALJ complied with the Regulation in assigning weight to the opinion of Dr. Santiago by evaluating that doctor's opinion thoroughly and showing that it was not supported by medically acceptable clinical and laboratory diagnostic techniques and that it was inconsistent with the evidence of record. This Court further agrees with the magistrate judge that the ALJ correctly found that Dr. Santiago's opinion as to the plaintiff's limitations was not substantially

11

supported on his own findings. This Court also agrees with the magistrate judge that the evidence of record provided by Dr. Santiago and considered and analyzed by the ALJ was not inadequate for the ALJ to render an opinion as to the weight to be assigned Dr. Santiago's opinions. The magistrate judge also correctly found that the ALJ did not err in assigning weight to Dr. Macht's opinion about the plaintiff's limitations as it is not supported by the evidence of record because it does not contain specific restrictions or limitations as to the plaintiff's ability to perform certain activities. Accordingly, after reviewing this portion of the report and recommendation for clear error, this Court agrees with the magistrate judge that the ALJ did not err in the weight that he assigned to the opinions of Dr. Santiago and Dr. Macht and that the ALJ's opinion is supported by substantial evidence.

## IV. Conclusion

Based upon a de novo review, this Court declines to affirm and adopt the magistrate judge's report and recommendation in its entirety. Thus, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for summary judgment is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED:    February 8, 2011

                                    /s/ Frederick P. Stamp, Jr.
                                    FREDERICK P. STAMP, JR.
                                    UNITED STATES DISTRICT JUDGE